IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**FELIX BRIZUELA,**

      **Plaintiff,**

v.                                  Civil Action No. 1:22-CV-68
                                        (JUDGE KLEEH)

**DOUGLAS SUGHRUE[1],**

      **Defendant.**

**REPORT AND RECOMMENDATION, AFTER
INITIAL SCREENING, RECOMMENDING THAT PLAINTIFF'S
COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE AND THAT
MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 2] BE DENIED**

On August 10, 2022, *pro se* Plaintiff Felix Brizuela ("Plaintiff") filed a Complaint against attorney Douglas Sughrue ("Defendant"), who defended Plaintiff in a prior criminal prosecution, having represented Plaintiff prior to trial in that criminal matter, and then in the plea and sentencing portion of the criminal proceedings after remand by the Fourth Circuit following Plaintiff's successful appeal. Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted. The undersigned further **RECOMMENDS** that Plaintiff's related motion [ECF No. 2] to proceed *in forma pauperis* be **DENIED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND[2]**

---

[1] Plaintiff misspells Defendant's surname as "Saghrue." It is corrected in the caption here.
[2] Plaintiff, *pro se*, recently has filed 15 civil lawsuits in this Court, including the instant matter. The other civil matters are: (1) Brizuela v. Federation of State Medical Boards, 1:22-CV-66, (2) Brizuela v. Sarah Wagner, 1:22-CV-67, (3) Brizuela v. Michael DeRiso, 1:22-CV-69, (4) Brizuela v. WVU Medical Center, 1:22-CV-70, (5) Brizuela v. Mark R. Zogby, 1:22-CV-74, (6) Brizuela v. Tano O'Dell [sic], 1:22-CV-75, (7) Brizuela v. Highland Hospital and Michelle Cunningham, 1:22-CV-76, (8) Brizuela v. Blue Cross Blue Shield, 1:22-CV-79, (9) Brizuela v. CPEP, 1:22-CV-82, (10) Brizuela v. KDKA TV, 1:22-CV-83, and (11)

Plaintiff, a resident of the Commonwealth of Pennsylvania, initially brought this matter in the Middle District of Pennsylvania on August 10, 2022. However, by memorandum opinion [ECF No. 5] and corresponding order [ECF No. 6], Magistrate Judge William I. Arbuckle transferred the matter from the Middle District of Pennsylvania to this District.[3] Judge Arbuckle found that venue was not proper in the Middle District of Pennsylvania, and so transferred the matter "to a court with at least a plausible venue for further proceedings." [ECF No. 5 at 2]. Judge Arbuckle was careful to note that he did not address Plaintiff's request to proceed *in forma pauperis* and had not conducted a screening of the merits of the case. Id.

Broadly speaking, and in synthesizing allegations from the filings in Plaintiff's multiple *pro se* lawsuits pending in this Court, Plaintiff alleges that he was a physician practicing in this District. He had a specialty in neurology and pain management. In this District, Plaintiff was criminally prosecuted as reflected in Criminal Action No. 1:18-CR-1. After a seven-day trial, a jury returned a verdict of guilty on certain counts and not guilty on certain other counts in Criminal Action No. 1:18-CR-1. Specifically, the jury found Defendant guilty on 15 counts of distribution of controlled substances outside the bounds of professional medical practice. The jury acquitted

---

Brizuela v. West Virginia Board of Pharmacy, 1:22-CV-84, (12) Brizuela v. Drug Enforcement Administration, 1:22-CV-87, (13) Brizuela v. WPXI Pittsburgh, 1:22-CV-90, and (14) Brizuela v. USP Hazelton, 1:22-CV-93. Although these are separate matters, they all stem from circumstances concerning Plaintiff's career as a physician, including but not limited to his criminal prosecution and eventual guilty plea in this Court in Criminal Action No. 1:18-CR-1. The presiding District Judge, Hon. Thomas S. Kleeh, has referred all of these matters to the undersigned Magistrate Judge, for written Reports and Recommendations. Concurrently with the instant Report and Recommendation, the undersigned enters Reports and Recommendations as to several of the other matters. As such, given the commonality among the matters, there is some duplication in the citations to authority and analyses in the Reports and Recommendations.

[3] In the single memorandum opinion [ECF No. 5], Judge Arbuckle actually addressed five cases which Plaintiff had filed in the Middle District of Pennsylvania, and transferred all five matters to this Court. In addition to the instant matter, Judge Arbuckle also transferred the following four cases to this District by operation of the memorandum opinion [ECF No. 5]: (1) Brizuela v. Federation of State Medical Boards, 1:22-CV-66, (2) Brizuela v. Douglas Sughrue, 1:22-CV-68, (3) Brizuela v. Michael DeRiso, 1:22-CV-69, and (4) Brizuela v. WVU Medical Center, 1:22-CV-70.

Defendant of six such counts of distribution, as well as acquitted him on 16 counts of illegal remuneration (brought under the federal anti-kickback statute). The District Judge sentenced Plaintiff to 48 months of imprisonment and three years of supervised release.

Plaintiff appealed his conviction to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit reversed his conviction and remanded the matter for a new trial. On remand, Plaintiff ultimately pled guilty to one count of Distribution of Controlled Substances Outside the Bounds of Professional Medical Practice, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), as charged in Count Two in Criminal Action No. 1:18-CR-1.[4] Plaintiff was sentenced to a term of imprisonment for a term of time served, followed by three years of supervised release. As a result, he lost medical licenses which he held in West Virginia and Pennsylvania. Plaintiff complains that, because of the felony conviction resulting from the guilty plea, he is unable to regain his medical license or otherwise find gainful employment. In the *pro se* civil cases which Plaintiff now seeks to bring here, he attempts to lodge grievances against a range of persons and entities who were involved in his criminal matters and/or other aspects of his defunct medical practice.

In the Complaint [ECF No. 1] in the instant matter, the named Defendant is one attorney (of several) who represented Plaintiff in various stages of the underlying criminal matter. Defendant herein was <u>not</u> Plaintiff's counsel at trial or in the subsequent sentencing on those counts to which he was found guilty at trial, or his appeal to the Fourth Circuit. However, it appears that Defendant represented Plaintiff in the plea and sentencing phases of the criminal matter after remand from the Fourth Circuit.

---

[4] Plaintiff also was prosecuted in another matter, Criminal Action No. 5:20-CR-22. It appears that Criminal Action 5:20-CR-22 resulted from the re-filing of charges after Criminal Action No. 1:18-CR-1 had been dismissed pursuant to a tolling agreement. The two matters ultimately were consolidated. [ECF No. 487 in Criminal Action No. 1:18-CR-1].

In conjunction with the Complaint, Plaintiff filed a *pro se* Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 2].

On August 15, 2022, this Court, by the Honorable Thomas S. Kleeh, Chief United States District Judge, entered an Order of Referral [ECF No. 9], referring this matter to the undersigned United States Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Courts often perform this screening before ruling upon the corresponding Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs, and before service of process is effectuated. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably

meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citation omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom*. Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The Complaint [ECF No. 1] and accompanying narrative provide **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief. Nor does Plaintiff set forth in the Complaint any necessary legal grounds which would entitle him to any sort of relief in this matter. The narrative baldly accuses Defendant of lying and mismanaging Plaintiff's

5

defense. What the narrative does not contain, however, is any specific factual allegation concerning the named Defendant herein that is tied to any provision at law affording Plaintiff civil relief.

The undersigned is mindful that Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). Necessarily implied in this analysis, of course, is that the legal claims asserted must have a basis in law.

The principal issue here is that Plaintiff simply does not explain how Defendant wronged him such that he is entitled to civil relief. Plaintiff articulates few facts in support of legal claims against Defendant, and cites to negligible legal authority for any such claims. In a densely-worded and wide ranging narrative attached to the Complaint [ECF No. 1-1 at 3-6], Plaintiff takes issue with the quality of legal services which Defendant rendered to him. For legal authority in support, Plaintiff cites "28-USC-202055" (which is not a proper citation to a statute, although it may well refer to 28 U.S.C. § 2255) and in the civil cover sheet he complains about "not reviewing

discovery." Plaintiff also attaches an affidavit provided by Defendant [ECF No. 1-1 at 1, 2, and 7], which Plaintiff claims demonstrates that he is entitled to some relief from Defendant.

In the above-noted affidavit, the Defendant in the instant matter states that he did not discuss with his client, the Plaintiff in the instant matter, that the trial judge would give a different jury instruction in light of the Fourth Circuit's remand of the underlying criminal case. Defendant further states that he explained to Plaintiff the risk of going to trial and that, ultimately, Plaintiff voluntarily entered into a plea agreement. At bottom, Plaintiff does not show how this affidavit helps meet any element of any civil cause of action against Defendant. With such poorly-articulated claims, nothing about the affidavit demonstrates that Defendant would have received a different or more favorable outcome in the underlying criminal matter. Obviously, Plaintiff is dissatisfied with the outcome of the criminal matter, even though he entered into a voluntary plea agreement to just one felony count and had a number of other felony counts dismissed. But that is not enough, standing alone, to maintain this civil action. Plaintiff may have felt that he was treated unjustly at trial and that the reversal of his convictions was vindication for that. Yet, Plaintiff does not explain how Defendant's actions or failure to act gave rise to harm for which he can obtain civil relief.

There is nothing contained in Plaintiff's Complaint (or any attachments to it) by which he sets forth viable causes of action or provides any statement showing why he is entitled to relief. In conclusory fashion, Plaintiff decries that Defendant was ineffective as his counsel, alleges that Defendant lied to him, and states that Defendant breached a contract and perpetrated fraud. [ECF No. 1-1 at 6]. However, Plaintiff does not further detail the precise civil causes of action he would pursue, and provides not one citation to authority to show he is entitled to relief. More to the point, nowhere does Plaintiff state what relief he would have the Court order.

7

As noted above, Plaintiff, only in passing, invokes any sort of legal authority. Thus, in the absence of any factual allegations to show that those legal authorities give rise to civil causes of action here, Plaintiff fails to show how he is entitled to any relief. In fact, nowhere does Plaintiff straightforwardly ask for any relief from this Court. His narrative is only a rambling account of alleged injustices. Plaintiff presents no basis on which he can proceed with a civil action. From the narrative, the undersigned cannot discern a clear nexus between (a) the sets of factual allegations made and (b) the intended cause(s) of action which Plaintiff seeks to bring. Nor can the undersigned discern the assertion of permissible claims otherwise.

At bottom, even when construing the *pro se* Complaint most liberally (inclusive of the accompanying narrative), Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the undersigned respectfully **FINDS** that the Complaint (and citations to authority in related attachments), as currently written, are without foundation in fact and do not set forth cognizable claims at law. As such, the Complaint does not sufficiently state a claim for relief. Twombly, 550 U.S. 544. The Complaint is so insufficient that it does not provide Defendant with fair notice of the nature of the claims Plaintiff would lodge against it or the relief Plaintiff would have this Court order.

Thus, Plaintiff's Complaint here is not cognizable and fails as a matter of law, and the undersigned **RECOMMENDS** that it be dismissed without prejudice.

Relatedly, because of the lack of any factual allegations of acts, omissions, or wrongdoing by Defendant giving rise to cognizable legal claims, the undersigned specifically **FINDS** that the Complaint fails to state a claim upon which relief may be granted. Thus, after performing an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the undersigned concludes and **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be denied.

## IV.     RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint [ECF No. 1] fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 1], should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMNEDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to

the *pro se* Plaintiff by certified mail, return receipt requested.

    **DATED**: September 16, 2022.

_/s/ Michael John Aloi_  
MICHAEL JOHN ALOI  
UNITED STATES MAGISTRATE JUDGE